## John Bissell *v.* John E. Dean.

Where a summons, issued from a justice's court, in an action for the fees of an attorney and counsel, required "the defendant to answer the complaint of the plaintiff for professional services;" *held*, a sufficient statement of the cause of action.

It is only required in such statement, to show a cause of action over which the court below has jurisdiction.

A defendant who suffers judgment in one of the lower courts, having "failed to appear before the justice," and who shows to this court that "manifest injustice has been done," may "excuse his default," and entitle himself to relief under

§ 366 of the Code, by showing that he had paid a portion of the demand sued for, and omitted to attend under a mistake respecting the object of the action, supposing the action to be simply for the balance.

When it appears, in an application under that section, that the defendant had made a payment on account of the claim in suit, not credited at the trial; relief will not be withheld on the plaintiff's showing that he had performed services for the defendant other than those sued for, and that therefore the amount sued for is justly due.

THIS suit was commenced, in the Fourth District Court, by a summons, which required the defendant "to answer the complaint of the plaintiff for professional services." The defendant having failed to appear, an inquest was taken, in which the plaintiff proved that he had acted as the defendant's attorney and counsel in procuring his discharge in bankruptcy, and also in successfully opposing the motion of a creditor of the defendant to revive an old judgment against the latter. A witness testified that the services first mentioned were worth from $75 to $100, and those rendered on the motion, $10. The justice gave judgment on both claims for $100—the extent of his jurisdiction at the time of the decision—and costs.

The defendant appealed upon the return and affidavits, alleging that he had paid the plaintiff $20, in full as he considered, for the proceedings in bankruptcy; and had, under a misapprehension in regard to the object of the action, neglected to appear below, because he supposed the action founded only upon the services on the motion, for which he admitted his indebtedness.

The plaintiff's affidavits rejoined, among other things, that he had performed legal services for the defendant other than those proved on the trial, and that, therefore, admitting the defendant's allegations, the judgment was just.

*Daniel T. Walden, Jr.*, for the defendant.

*John Bissell,* for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—The summons was sufficient. All that is required in regard to the cause of action

in the summons is a statement to show that it is for a cause of which the court has jurisdiction. This is answered by an allegation of work and labor, or services rendered, or, as in this case, for professional services. Either would be enough to show that the claim arose upon contract.

The evidence on the inquest in the court below was sufficient to establish a *primâ facie* case of indebtedness for the plaintiff's services in the bankrupt proceedings. The clerk from the U. S. District Court Clerk's Office, produced the papers upon which, as he states, the defendant obtained his discharge, and which were conducted by the plaintiff, as his attorney; and the value of the plaintiff's services was proven by another witness.

The affidavit of the defendant shows as an excuse for suffering the default to be taken, that he had paid for the plaintiff's services in the bankrupt proceedings, and was under a misapprehension in relation to the object of the action, supposing the plaintiff's claim to be for the fee on the motion, which he did not intend to dispute. The plaintiff denies that he has been paid. He, however, admits the receipt of $20 on account of the bankrupt proceedings, but claims that in view of the services proved on the trial, and other services rendered by him to the defendant, the amount of the judgment is due him. These other services, which are set out in the plaintiff's affidavit, cannot be available in this appeal, because they formed no ground of recovery upon the trial. The $20 were not credited upon the trial.

The excuse for not appearing was sufficient, and the fact that the defendant was not credited with $20 paid, shows that injustice has been done in the judgment rendered below. I think, therefore, it should be opened and a new trial ordered, but the plaintiff should be paid the $10 which the defendant admits to be due, and the costs of the court below.

Upon payment of these sums within ten days, the judgment is suspended and a new trial ordered, the time of the trial to be on the 14th of June, at the opening of the court.

Ordered accordingly.